1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JULES J. GARCIA,                             1:10-cv-00299-AWI-DLB (HC)

10                        Petitioner,           FINDINGS AND RECOMMENDATION
                                                REGARDING RESPONDENT'S MOTION TO
11          v.                                  DISMISS

12                                              [Doc. 12]
    ANTHONY HEDGEPETH,
13
                         Respondent.
14   _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18                                        BACKGROUND

19          On February 10, 2007, Petitioner was found guilty of a prison disciplinary for possession

20   of a deadly weapon.[1]  (Exhibit 1, to Respondent's Motion.)  Petitioner challenged the disciplinary

     action through the administrative appeal process.  Petitioner's appeal was denied at the Director's
21
     Level (the final level of review) on August 8, 2007. (Exhibit 2, to Motion.)
22

23

24

25

26

27      [1] The rules violation was also referred to the Kings County District Attorney's Office on October 24, 2005,
     and accepted on January 26, 2006.  Petitioner was found guilty of possessing a deadly weapon on January 12, 2007,
28   and he was sentenced to seven years in prison.

                                                 1

1   On December 6, 2007,[2] Petitioner filed a state petition for writ of habeas corpus in the

2   Kings County Superior Court.  (Exhibit 3, to Motion.)  The petition was denied on January 2,

3   2008.  (Exhibit 4, to Motion.)

4        On September 4, 2008, Petitioner filed a state petition for writ of habeas corpus in the

5   California Court of Appeal, Fifth Appellate District. (Exhibit 5, to Motion.)  The petition was

6   denied on October 6, 2008.  (Exhibit 6, to Motion.)

7        On February 9, 2009, Petitioner filed a petition for writ of habeas corpus in the California

8   Supreme Court.  (Exhibit 7, to Motion.)  The petition was summarily denied on March 11, 2009.

9   (Exhibit 8, to Motion.)

10       The instant federal petition for writ of habeas corpus was filed on February 22, 2010.

11  Respondent filed the instant motion to dismiss on April 26, 2010.  (Court Doc. 12.)

12                                DISCUSSION

13  A.    Procedural Grounds for Motion to Dismiss

14       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

15  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

16  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

17       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

18  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

19  the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

20  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

21  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

22  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

23  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

24  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

25  Supp. at 1194 & n. 12.

26

27        [2] The state court petitions did not contain a declaration or notarized statement setting forth the date of filing,
    therefore, the date of actual filing of the petition is utilized in lieu of the date of constructive filing.  See Rules
28  Governing § 2254 Cases, Rule 3(d).

2

1     In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

2   2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

3   to dismiss pursuant to its authority under Rule 4.

4   B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

5           On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

6   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

7   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

8   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

9   S.Ct. 586 (1997).  The instant petition was filed on February 18, 2010, and thus, it is subject to

10  the provisions of the AEDPA.

11          The AEDPA imposes a one year period of limitation on petitioners seeking to file a

12  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

13  subdivision (d) reads:

14          (1)  A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State court.
15      The limitation period shall run from the latest of –

16          (A) the date on which the judgment became final by the conclusion of
        direct review or the expiration of the time for seeking such review;
17

18          (B) the date on which the impediment to filing an application created by
        State action in violation of the Constitution or laws of the United States is
19      removed, if the applicant was prevented from filing by such State action;

20          (C) the date on which the constitutional right asserted was initially recognized
        by the Supreme Court, if the right has been newly recognized by the Supreme Court and
21      made retroactively applicable to cases on collateral review; or

22          (D) the date on which the factual predicate of the claim or claims
        presented could have been discovered through the exercise of due diligence.
23

24          (2) The time during which a properly filed application for State post-
        conviction or other collateral review with respect to the pertinent judgment or
25      claim is pending shall not be counted toward any period of limitation under this
        subsection.
26

27          In most cases, the limitations period begins running on the date that the petitioner's direct

28  review became final. In a situation such as this where the petitioner is challenging an

3

administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied.  28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003).

In this instance, the statute of limitations commenced on August 9, 2007-the day after the final administrative decision was issued, and was set to expire one-year later on August 9, 2008.  At the time Petitioner filed his first state habeas corpus petition October 2, 2007, fifty-four days of the limitations period had expired.  Petitioner is entitled to statutory tolling to January 2, 2008-the date the petition was denied.  Thereafter, Petitioner delayed 245 days before filing a habeas petition in the California Court of Appeal on September 4, 2008.  This lengthy unexplained and unreasonable delay from the date the superior court denied the petition to filing at the appellate court is not subject to statutory tolling.  See Evans v. Chavis, 546 U.S. 189, 201 (2006) (finding an unjustified or unexplained six month filing delay not reasonable under California law nor falls within the scope of federal statutory tolling provision as pending); Carey v. Saffold, 536 U.S. 214, 222-226 (2002).  As a consequence, Petitioner is not entitled to gap tolling between the denial by the superior court on January 2, 2008 and filing in the Court of Appeal on September 4, 2008. Id. at 201.  At this point in time, 299 days of the limitations period had run.  Thereafter, the limitations period was statutorily tolled from September 4, 2008 to March 11, 2009-the date the California Supreme Court denied the petition.  The statute of limitations began running again on March 12, 2009, and expired on May 17, 2009, and the instant petition for writ of habeas corpus filed on February 18, 2010, is untimely.  Accordingly, Respondent's motion to dismiss the petition should be granted.

C.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert

4

*denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner makes vague reference without any factual support that he had limited access to the law library. (Opposition, at p.5.)[3]  However, Petitioner bears the burden to demonstrate entitlement to equitable tolling, and conclusory allegations fail are not sufficient. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.")  In any event, Petitioner makes reference to dates that preceded the running of the limitations period which is irrelevant for purposes of equitable tolling. (Id.)  Accordingly, Petitioner has failed to demonstrate a basis to equitable toll the limitations period.

D.   Actual Innocence Exception to Statute of Limitations

Petitioner contends that he is actually innocent of the underlying crimes for which he was convicted.  Petitioner claims that he made an oral offer of proof that inmate McMillan would testify that he was the assigned caregiver for Petitioner and he was pushing the wheelchair at the time of the incident.  (Opposition, at 8.)

Petitioner has failed to demonstrate a credible claim of actual innocence. In Schlup v. Delo, 513 U.S. 298, 327 (1995), the Supreme Court set forth the actual innocence standard in the procedural default context. The Schlup court stated that the actual innocence exception is satisfied where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id. Further, the petitioner must demonstrate that in light of the evidence no reasonable juror would have found him guilty. Id. at 329. The district court is free to consider all of the evidence, including that alleged to have been illegally excluded or to have become available only after trial. Id. at 327-328.  However, examples of evidence that may establish factual innocence include credible confessions by another, trustworthy eyewitness

---

[3] Because Petitioner did not number the pages in his opposition, the Court refers to the pagination as reflected on the Court's Case Management Electronic Case Filing (CMECF) system.

1  testimony, and exculpatory scientific evidence.  <u>Sawyer v. Whitley</u>, 505 U.S. 333, 340 (1992);

2  <u>Schlup</u>, 513 U.S. 298; <u>Pitts v. Norris</u>, 85 F.3d 348, 351 (8th Cir.1996).

3         Petitioner has not submitted evidence to support his claim that he actually innocent of the

4  rules violation.  Petitioner merely contends that he made an offer of oral proof that inmate

5  McMillan would testify that he was Petitioner's caregiver and he was pushing the wheelchair at

6  the time of the search.  However, Petitioner fails to submit any evidence, beyond his own self-

7  serving statement, that McMillan would have testified as stated.  Moreover, there is evidence in

8  the record that inmate McMillan was interviewed by correctional officer Viduarri on April 10,

9  2006, and when asked if he was pushing the wheelchair he stated "No."  (Exhibit 3, Part 2,

10  Unenumerated Attachment.)  McMillan also refused to talk and did not want to be involved in

11  the incident when interviewed by an investigator on May 8, 2006. (<u>Id</u>.)  In any event, even if it is

12  assumed that inmate McMillan was Petitioner's caregiver and was pushing the wheelchair at the

13  time of the search, this does not demonstrate that Petitioner is actually innocent of the charged

14  offense.  Accordingly, Petitioner cannot pass through the <u>Schlup</u> gateway, and he is not entitled

15  to equitable tolling based on his actual innocence claim.

16         To the extent Petitioner contends that the merits of his underlying petition provide a basis

17  to equitable toll the limitations period, he is mistaken.  Petitioner elaborates at length that the

18  merits of his underlying petition justify review by this Court and override any untimeliness.  To

19  the contrary, the merits of the federal petition are not relevant to whether extraordinary

20  circumstances exist justifying the late filing of the habeas petition; showing of extraordinary

21  circumstances related to filing of the petition itself is required.  <u>Helton v. Secretary for Dept. of</u>

22  <u>Corrections</u>, 259 F.3d 1310, 1314-15 (11th Cir. 2001); <u>Escamilla v. Jungwirth</u>, 426 F.3d 868 (7th

23  Cir.2005) (Even "[p]risoners claiming to be  innocent . . . must meet the statutory requirement of

24  timely action.").

## RECOMMENDATION

26         Based on the foregoing, it is HEREBY RECOMMENDED that:

27         1.  Respondent's motion to dismiss the instant petition be GRANTED; and

28         2.  The instant petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**   **June 2, 2010**          _____/s/ **Dennis L. Beck**_____
                                  UNITED STATES MAGISTRATE JUDGE